

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2005

# USA v. Foman

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2508

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Foman" (2005). *2005 Decisions*. Paper 1385.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1385

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2508

———

UNITED STATES OF AMERICA

Appellee

v.

HERMAN FOMAN

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00486)
District Judge: Honorable John R. Padova

———

Submitted Under Third Circuit LAR 34.1(a)
February 17, 2005

BEFORE: SLOVITER, AMBRO and ALDISERT, <u>Circuit Judges</u>.

(Filed: April 7, 2005)

———

OPINION OF THE COURT

———

1

ALDISERT, Circuit Judge.

Herman Foman appeals from a conditional plea of guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He challenges the denial of his motion to suppress evidence on the ground of an illegal search and seizure. We will affirm.

Foman also seeks to raise sentencing issues. On these issues we will remand to the district court.

I.

Philadelphia police officers Kahlan and Daly were assigned to locate a person named Dane Scott, who was wanted on an arrest warrant for car-jacking. At his residence at 1030 Edgemore Road, Philadelphia, the officers observed a Buick Riviera, Philadelphia license number H97-707H, parked in the rear of the house. They learned from a neighbor and Scott's mother that Scott lived there, and from the neighbor that the Buick was his car.

A few days later, as they drove up Edgemore Road, the officers saw the Riviera parked on the pavement in front of 1030 Edgemore. A person entered the car and drove off. Officers Kahlan and Daly called another officer who was in a marked car and that officer pulled the Riviera over. The officers began to approach the Riviera and observed the driver open his door and throw something under the car. This turned out to be a

2

"blunt" (a cigar or cigarette containing marijuana). The driver was the defendant,

Herman Foman. He had an open forty oz. bottle of beer between his legs and a search

incident to arrest revealed that he had a loaded .25 caliber pistol in his front pants pocket.

## II.

The police had probable cause to stop the car. The police knew that a crime had

been committed, had grounds for reasonable suspicion that the person wanted for the

crime was in the car because they had learned from the neighbor and Scott's mother that

the person they were looking for lived at that address and had learned from the neighbor

that Scott drove the Riviera. This was not an anonymous tip because the officers had

interviewed the neighbor face-to-face and could have located her again if necessary.

Further, the neighbor corroborated what the officers already reasonably suspected after

having observed the Riviera outside Scott's residence. Shortly before requesting that the

Riviera be stopped, the officers had again observed it in close proximity to Scott's

residence. Under Terry v. Ohio, 392 U.S. 1, 22 (1968), an investigatory stop of a vehicle

is permissible under the Fourth Amendment if supported by reasonable suspicion. The

Fourth Amendment requires only "some minimal level of objective justification" for

making the stop. Immigration and Naturalization Service v. Delgado, 466 U.S. 210, 217

(1984). In determining what constitutes reasonable suspicion, the court must consider

the totality of the circumstance. United States v. Cortez, 449 U.S. 411, 418 (1981).

When the police stopped the Buick Riviera, they had a reasonably articulable basis

for suspecting that it contained a person who had committed a crime—the wanted carjacker Dane Scott. The district court's denial of Foman's motion to suppress will be affirmed.

## III.

Appellant also seeks to challenge his sentence under <u>United States v. Booker</u>, 543 U.S. - -, 125 S. Ct. 738 (2005). Having determined that the sentencing issues appellant raises are best determined by the district court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with <u>Booker</u>.

## IV.

Because we write only for the parties who are familiar with the facts and the proceedings of the district court we have limited our discussion. Having considered all contentions presented by the parties, we conclude that no further discussion is necessary. The denial of Foman's motion to suppress will be affirmed, the sentence vacated and the case remanded to the district court for re-sentencing.